UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| QUINTERO HAYES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:20-cv-01437-JRS-MJD |
| | ) |
| DUSHAN ZATECKY, | ) |
| | ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Quintero Hayes' petition for a writ of habeas corpus challenges his conviction in prison disciplinary case ISR 18-09-0127. For the reasons explained in this Entry, Mr. Hayes' petition is **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. Disciplinary Proceeding

On September 20, 2018, Indiana Department of Correction ("IDOC") Officer B. Helms wrote a Report of Conduct charging Mr. Hayes with a violation of Code 212, assault on staff:

> On 9-20-18 at [1114] am, I Ofc. B. Helms was feeding the 6C range. I sat a tray on the tray slot of cell 16-6C. Offender Hayes Quintero #213543, 16-6C, told me the tray was cracked. I told offender Hayes, "O.K.", then proceeded to finish feeding the rest of the range. Offender Hayes threw his tray and hit me on my back and . . . entire right side.

Dkt. 14-1.

Mr. Hayes was notified of the charge on October 25, 2018. Dkt. 14-2. He pled not guilty and did not wish to call any witnesses. *Id.* Mr. Hayes initially requested video of the incident but then withdrew his request, as indicated on the screening report. *Id.*

Mr. Hayes' disciplinary hearing was postponed several times. Dkt. 14-3. His hearing was eventually held on October 29, 2018. Dkt. 14-4. Mr. Hayes stated that he was not getting his medication for his mental illness and that he and the officer involved were not getting along. *Id.* The disciplinary hearing officer ("DHO") considered the staff reports and Mr. Hayes' statement and found him guilty. *Id.* His sanctions included deprivation of 90-days earned credit time and a one class credit demotion. *Id.*

Mr. Hayes' appeals to the Facility Head and Final Reviewing Authority were unsuccessful. Dkt. 14-5; dkt. 14-6. He then filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 2. The respondent filed a return to order to show cause. Dkt. 14. Mr. Hayes did not file a reply.

### C. Analysis

Mr. Hayes raises the following grounds in his petition: (1) he was denied his right to an impartial decisionmaker; (2) he was denied evidence; and (3) he was denied an adequate written

statement of the DHO's findings. Dkt. 2 at 2. The respondent more broadly construes the final claim to potentially assert a claim that Mr. Hayes was denied adequate notice of the disciplinary charge against him. Dkt. 14 at 5.

The Court notes that the respondent argues that Mr. Hayes' petition was untimely because it was filed more than one year after his last disciplinary appeal was denied.[1] Dkt. 14 at 5. The Court will not consider this argument because the statute of limitations is not at issue in disciplinary habeas petitions. *See, e.g.*, *Berry v. Buss*, 2007 WL 420567, at *1 (N.D. Ind. Feb. 2, 2007) (The statute of limitations does not apply "because disciplinary boards such as the CAB are not 'courts' and their actions are not the 'judgment of a State court' as that phrase is used in 28 U.S.C. § 2244(d) which is the limitations provision for state habeas claims.").

### 1. Failure to Exhaust

The respondent argues that Mr. Hayes failed to exhaust all claims except for the denial of evidence. Dkt. 14 at 9. In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Final Reviewing Authority may be raised in a subsequent petition for writ of habeas corpus unless a showing of "cause and prejudice or a miscarriage of justice (meaning conviction of an innocent person)" has been made. *See* 28 U.S.C. § 2254(b)(1)(A); *Washington v. Boughton*, 884 F.3d 692, 698 (7th Cir. 2018); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002).

---

[1] The Court notes that the respondent "raises this argument to preserve the issue of timeliness for appeal" and acknowledged that the Court is likely bound by the Seventh Circuit's precedent in *Cox v. McBride*, 279 F.3d 492, 494 (7th Cir. 2002). In *Cox*, the Seventh Circuit held that the statute of limitations in 28 U.S.C. § 2244(d) did not apply to petitions challenging disciplinary matters.

The Court has reviewed Mr. Hayes' lower level appeals[2] and agrees that he did not raise issues of the impartiality of the DHO, the adequacy of the DHO's written statement or the adequacy of the written notice of the charge against him. Mr. Hayes' petition does not indicate any showing of cause and prejudice or a miscarriage of justice to overcome his failure to exhaust these grounds. Moreover, he did not file a reply addressing his failure to exhaust.

Accordingly, because these grounds are procedurally barred, Mr. Hayes is not entitled to the habeas relief he seeks.

### 2. Denial of Evidence

Mr. Hayes argues that he was never shown the video camera footage of the incident and that the DHO did not review this evidence or state why it was excluded. Dkt. 2 at 4. He contends that the DHO "did not state any security reason why" Hayes could not view the video. *Id.* The respondent argues that Mr. Hayes was not denied video evidence because he did not timely request it. Dkt. 14 at 11. Rather, he withdrew his request for the video, as documented by the screening officer, who "struck through and initialed the video request on the screening report." *Id.* at 12. Further, the respondent argues that Mr. Hayes had the opportunity to request the video at the disciplinary hearing but did not do so. *Id.* at 13.

The Court acknowledges the factual dispute between the parties regarding whether or not Mr. Hayes requested video evidence. Assuming *arguendo* that Mr. Hayes' request for the video was denied, to prevail on his claim, Mr. Hayes must establish that the video was material and

---

[2] Mr. Hayes' appeal to the Facility Head raises two grounds, first that he did not throw anything at the officer, and with the officer's back turned he could not see who threw the tray, and second that he was denied video evidence to help him prove his case. Dkt. 14-5. To the extent that Mr. Hayes' first argument in this appeal challenges the sufficiency of the evidence to support his conviction, Mr. Hayes did not properly raise this as a ground in his petition before the Court. Thus, the Court will limit its analysis to his only viable ground for relief that the Court must consider, the denial of evidence.

exculpatory. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). Evidence is exculpatory if it undermines or contradicts the finding of guilt, and it is material if it creates a "reasonable probability" of a different result. *See Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011); *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008). The Court has viewed the video *in camera* and finds that it is not exculpatory. The footage depicts an offender throwing a tray at an officer as he turns to walk down the range. This is consistent with Officer Helms description of the event in the conduct report, that the tray was thrown at him and hit him on his back and right side. Dkt. 14-1. Though the video does not show who threw the tray, it does not provide anything exculpatory to Mr. Hayes. Rather, it is inculpatory as it corroborates the details set forth in the conduct report.

Because the video evidence was not exculpatory, the refusal of prison officials to allow Mr. Hayes to review the video or present the video as evidence at his disciplinary hearing did not violate his due process rights. Accordingly, Mr. Hayes is not entitled to habeas relief on this ground.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Hayes to the relief he seeks. Accordingly, Mr. Hayes' petition for a writ of habeas corpus must be **denied** and the **action dismissed.**

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 4/18/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

QUINTERO HAYES
213543
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Benjamin Myron Lane Jones
INDIANA ATTORNEY GENERAL
benjamin.jones@atg.in.gov